Doane v. Scannell.

## DOANE v. SCANNELL.

In an action by one claiming to have been elected to an office against his predecessor, to compel a surrender of the books, papers, etc., belonging to the office, plaintiff must show *prima facie* that a vacancy existed in the office, and that he was elected to fill it.

The Consolidation Act gives the officers named in the fourteenth section two days after the meeting of the board of supervisors in which to file new bonds. The meeting taking place on the ninth of July, the officers had the whole of the tenth and eleventh of July to execute and present their bonds.

The limitation as to time applied only to the action of the incumbent. The board had a reasonable time allowed them in which to reject or approve the bonds presented.

The incumbent having tendered his bond on the eleventh, and the board then refusing to act upon it, left them in default, and not him.

APPEAL from the County Court of the City and County of San Francisco.

This proceeding was commenced upon the petition of Charles Doane, setting forth various matters, among them, that the County Judge of San Francisco, on the sixth of August, 1856, declared the office of sheriff of the city and county of San Francisco vacant; and that on the seventeenth of July, 1856, the board of supervisors of the said city and county, also declared the said office of sheriff to be vacant, by reason of the failure of the incumbent to file a new bond in conformity with the fourteenth section of the Consolidation Act. That the petitioner at a regular election in said city and county, on the fourth of November, 1856, was duly elected sheriff of said city and county, and had obtained from the proper officer a certificate to that effect in due form of law, and that he had qualified as such officer, and filed a bond, which had been approved by proper authority; and that, as he was lawfully entitled to do, had demanded of the former sheriff, David Scannell, the books and papers of said office, the custody and control of the county-jail of said city and county, and the prisoners confined therein. That the said Scannell had refused to deliver the same to him; that the said Scannell wrongfully usurps the said office, and is unlawfully performing the duties and securing the emoluments thereof, and holds the same to the exclusion of petitioner, and prays that

the books, papers, and process, appertaining to such office, be delivered to him.

A rule having been obtained to show cause, Scannell answered, and, among other things, denied that petitioner was at any time elected sheriff of said city and county; but averred on the contrary, that he, Scannell, was still the legal sheriff thereof.

After hearing the evidence in the case, the Court below granted the prayer of the petitioner, from which order Scannell appealed to this Court.

*McDougall, Aldrich & Sharp,* for Appellant.

*J. B. Crockett* for Respondent.
No briefs on file.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurred.

This was a summary proceeding, had before the County Judge of the county of San Francisco, under the statute, to compel the defendant to deliver to the plaintiff the books and papers belonging to the office of sheriff of said county. The principal questions arising in this case, are also involved in the case of The People *v.* Scannell, and the two cases were discussed together in the oral argument before the Court, as also in the written briefs on file. The two cases, however, differ in some of their circumstances. In the case of The People *v.* Scannell, the whole question arose upon a demurrer to defendant's answer. In the present case there was an inquiry made into the real facts of the case, and the decision of the County Judge was predicated upon those facts.

The learned counsel for the plaintiff insists, that in a proceeding of this character, it is only incumbent upon the plaintiff to show that he has a *prima facie* title to the office, to enable him to obtain the present possession of the books and papers, and that the ultimate title to the office is not involved, and need not be determined. In support of this view, they refer to the case of The People ex rel. Hodgkinson *v.* Stevens, 5 Hill's R., 616, and to a note appended to the case, containing the opinion of Kent, C. J., upon an application by Hodgkinson, under the statutes of New York, to compel a delivery of the books and papers belonging to the office of clerk of the common council. The rule laid down by Kent, C. J., seems to be the correct rule. " But it is obvious to me," says the Judge, " that the Legislature never intended the Judge should exercise his power to enforce the delivery of books and papers against an officer *de facto*, where the title to the office is questionable. He must have a *prima facie* title, free from reasonable doubt."

Taking this position to be correct, the plaintiff must show *prima facie:*

1. That a vacancy existed.
2. That he was elected to fill it.

In reference to the question of a vacancy in the office of Sheriff, the facts, as agreed upon by the counsel of the parties, were these: "That said board of supervisors did meet, as in petition alleged, for the first time, on the ninth day of July, 1856, at eleven o'clock, A. M., of that day. That said Scannell appeared on the tenth day of July, with an official bond, signed by several sureties, before the board authorized to approve the same, and on said tenth day of July, proceeded to have his sureties justify. That not having satisfied the said board of the sufficiency of said sureties at the hour of twelve o'clock, M., of the said tenth day of July, the said board declared the time had expired when they could, under the law, approve official bonds, and refused further to proceed thereon. That on the morning of the eleventh July, the day following, said Scannell produced and offered further and other sureties on his said official bond, but the said board refused to take any action in the premises."

Under the provisions of the fourteenth section of the Consolidation Act, the office of defendant could only be declared vacant by the board of supervisors, in cases of default on his part to execute a new bond "within two days after the first meeting of said board." This would give Scannell the whole of the tenth and eleventh days of July, in which to execute and present his bond. It was not necessary that the County Judge, auditor, and president of the board of supervisors should approve or reject the bond within the time stated. The limitation applied only to the action of the sheriff. The board had a reasonable time allowed them. And as the board was in default, and not the defendant, there was no *prima facie* vacancy existing. The facts, as shown, did not authorize the board of examiners to certify that any default on the part of defendant had occurred.

The judgment of the County Judge is, therefore, reversed, and the petition of the plaintiff dismissed, with costs.